# Martin, Appellant, *v.* Vare.

*Negligence—Infant—Wagon—Evidence—Nonsuit.*

In an action to recover damages for injuries to a boy nine years old, it appeared that at the time of the accident plaintiff was playing tag at a street corner. He stood on the pavement on the west side of one of the streets looking south and leaning against a trolley pole that was six or eight inches from the curb. His weight was supported by his left leg, and his right leg was crossed in front of it so that his right foot was at the edge of the curb. Something hit his leg and he fell on the pavement with his right leg projecting into the street beyond the curb as the defendant's wagon was passing, and his leg was run over by the right-hand wheel of the wagon. The defendant's driver was going south, and when a short distance north of the boy he turned from the car track to allow a car to pass and drove slowly between the track and the curb. The accident happened between five and six o'clock in the evening in the latter part of October, when it was growing dark. There was no evidence as to what struck the leg of the boy which caused him to fall. Plaintiff testified that it must have been the hub of the wheel. A witness for plaintiff testified that the front wheel struck the boy, but on cross-examination it appeared that this witness did not see the boy until he was under the wheel. *Held,* that a nonsuit was properly entered.

Argued Jan. 19, 1905. Appeal, No. 328, Jan. T., 1904, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1903,

No. 765, refusing to take off nonsuit, in case of Stuart Martin by his father John Martin and the said John Martin in his own right v. Edwin H. Vare and George A. Vare, copartners, trading as Vare Brothers. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILLSON, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

· *Error assigned* was refusal to take off nonsuit.

*Henry S. Cattell*, with him *Harvey Gourley*, for appellant.— The case was for the jury: McCloskey v. Ice Co., 38 W. N. C. 30; Brown v. Schellenberg, 19 Pa. Superior Ct. 286; Streitfeld v. Shoemaker, 185 Pa. 265; Johnson v. Ry. Co., 160 Pa. 647; Harkins v. Traction Co., 173 Pa. 149; Evers v. Traction Co., 176 Pa. 376; Schnur v. Traction Co., 153 Pa. 29; Woeckner v. Erie Electric Motor Co., 176 Pa. 451.

*Francis Shunk Brown*, of *Simpson & Brown*, with him *Ira J. Williams*, for appellee, cited: Ehrisman v. Ry. Co., 150 Pa. 180; Grier v. Sampson, 27 Pa. 183; Foote v. American Product Co., 195 Pa. 190; Hestonville Pass. Ry. Co. v. Connell, 88 Pa. 520; Moore v. Penna. R. R. Co., 99 Pa. 301; Kehler v. Schwenk, 144 Pa. 348.

OPINION BY MR. JUSTICE FELL, May 15, 1905:

Stuart Martin, one of the plaintiffs, a boy nine and one half years of age, was playing tag with a number of boys of his age at Twelfth and Wharton streets, which are main thoroughfares of the city of Philadelphia. He stood on the pavement on the west side of Twelfth street near the corner of Wharton street looking south, and leaning against a trolley pole that was six or eight inches from the curb. His weight was supported by his left leg and his right leg was crossed in front of it so that his right foot was at the edge of the curb. He fell on the pavement with his right leg projecting into the street beyond the

curb as the defendant's ash wagon was passing, and his leg was run over by the right hind wheel of the wagon. The defendant's driver was going south, and when a short distance north of the boy he turned from the car track to allow a car to pass and drove slowly between the track and the curb. The accident happened between five and six o'clock in the evening in the latter part of October, when it was growing dark.

In determining whether a nonsuit was properly entered the first inquiry is whether it appeared from the testimony, either directly or by reasonable inference, that the plaintiff's fall was caused by the act of the defendant's driver. The only testimony on the subject was that of the plaintiff and of one of his witnesses, a companion about ten years of age. The plaintiff testified that he was looking at boys who were playing near by and saw nothing coming on the street before he fell. His examination was then as follows : " Q. What happened to you? Do you know what happened? ' What was it that happened while you were standing here ? Why did you get down? A. I got hit in the leg here. Q. What hit you in the leg? You said something about your knee there. A. Something hit me right in the leg. Q. What was it? A. It must have been the hub of the wheel. The Court: Ask him if he saw what hit him, or if he knows what hit him. Q. Something hit you, did it not? A. Yes, sir. Q. What happened after you were hit? A. I fell down." His witness testified in his examination in chief, when directed to tell what he saw : " Stuart was standing by the pole and the front wheel hit him and the back wheel run right over his leg." On cross-examination he said that he heard the signal of the motorman to the driver and saw the wagon turn from the track some distance north of the place of the accident. The examination that followed was this: " Q. You saw the boy under the wheel, did you not? A. Yes, sir. Q. That was the first you saw of the wagon there at that point, was it not? A. Yes, sir. Q. When you first saw him he was under the wheels. Is that right? A. Yes, sir."

The plaintiff did not see the horses pass him and he knew nothing of the wagon before he fell. He did not know what hit his leg and his statement that " It must have been the hub of the wheel " was evidently a mere conjecture. His witness's statement that " the front wheel hit him " is without any weight

in view of his testimony on cross-examination, from which it appeared that he saw nothing of the accident until the plaintiff was under the hind wheel. The testimony of the plaintiff and his witness established no facts from which the jury would have been warranted in finding that the front wheel struck the plaintiff. It was shown that the wagon was going slowly down the street between the car track and the curb, but how near the curb did not appear, that something struck the plaintiff's leg and he fell on the pavement as the wagon was passing and the hind wheel ran over his leg, which projected into the street. The only ground for inferring that the front wheel struck the plaintiff was that the wagon was so near the curb that the hind wheel ran over his leg after he fell. This might have happened if the wagon had been a foot or more from the curb. It was not ground for the inference of a fact which the plaintiff alleged as the ground of his action and which he was bound to establish as the first step in his case.

The judgment is affirmed.